PAUL NICKEL, APPELLEE, v. ROBERT BUTKE, APPELLANT.

FILED JANUARY 2, 1915.   No. 17,869.

Master and Servant: INJURY TO SERVANT: EVIDENCE. The judgment is reversed because, under the facts in evidence, the plaintiff has no cause of action against this defendant.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. Reversed.

Greene, Breckenridge, Gurley & Woodrough, for appellant.

Smyth, Smith & Schall, contra.

SEDGWICK, J.

This is an action to recover personal injuries claimed to have been received through the negligence of defendant in furnishing a defective gasoline engine, which the plaintiff was employed to operate. Judgment for plaintiff, defendant appeals.

The petition charged the defects in the engine to be that the cylinder was not properly packed, and that the timer to the engine was not properly placed or secured. It is alleged that the plaintiff was informed by the defendant before he began work that the engine was in good running order; that he relied upon this statement, and, in attempting to start the engine in the usual and ordinary way, the engine started suddenly, causing his foot to slip in such a position that it became crushed and necessitated the amputation of a toe. The answer admits that plaintiff was employed to run a gasoline hoisting engine, and that he was injured while in the defendant's employment. It also pleads assumption of risk, contributory negligence, and makes a general denial of all other allegations not admitted.

It appears from the evidence that a gasoline engine, especially one with one cylinder, is dangerous and uncertain. It is very important that one who assumes to run one of them is familiar with the job and has had experience in regard to how they act. The plaintiff was employed as one having had such experience. He represented that he had been engaged in running gasoline engines for four years. The defendant was not familiar with gasoline engines. He did not examine it himself, but employed a man, who had also had experience, as the plaintiff had, to put it in order, and honestly supposed that it had been put in order. He so informed the plaintiff, and the plaintiff knew, or ought to have known, just what it means to put a gasoline engine in order. When the plaintiff attempted to start the engine, it did not act regularly, but "puffed." This was because the gas was not exploded at the right time, and that would cause it to run irregularly, with a jerk and jam, and that would be ample notice to a man who had run

Nickel v. Butke.

a gasoline engine that, unless the gasoline was low, the timer was out of place.  The plaintiff knew from the way this engine acted when he first attempted to run it that there was something wrong with the timer.  He says that he examined the engine.  He looked at the timer and saw that it was in place; but, as he had run a gasoline engine, he must have known that he might find the timer in place, and the moment gas was exploded in the cylinder, if the timer was loose, as he now says it was, it would be thrown out of place, and he ought to have known at once that this was the condition here.  Nothing else could possibly cause it to act as the engine did when he attempted to start it.

Again, when the engine "puffed and jerked" when he attempted to start it, he should have known, and undoubtedly did know, that the jerks were not regular.  Some of them might be very much more severe than others, and so he should have prepared himself.  If he persisted in attempting to start it without further examination, he should have prepared himself for a more severe jerk than any he had yet noticed.  It is suggested that the timer might have been put out of place by some meddlers while the engine stood in an exposed place.  If this was the case, the plaintiff never looked at the timer to see whether it was in place or not, which, when he found that the engine was not starting regularly, was gross negligence on his part.

It is not necessary to discuss the other errors assigned. It is an unfortunate thing that the plaintiff had his toe mashed.  Of course, he did not intend to hurt himself, and perhaps there should be some fund prepared from which such damages could be realized, but under the law this employer is not liable.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

LETTON, J., dissenting.

At the time the plaintiff was employed, defendant stated to him specifically that the engine was in good running order, all he had to do was to put oil cups on and get some

gasoline, and told him to start the engine that afternoon. He relied upon this statement, and attempted to start the engine without going over it and examining all its parts. Nickel only assumed the risk which would arise from the operation of a gasoline engine which was in good running order.  If he had been told to overhaul the engine and examine it before starting it, or had been told that the timer was out of place, and had then proceeded to operate it without adjustment, he would have assumed the risk.

The testimony as to the assurance to plaintiff by the defendant that the engine was in good running order is undisputed.  By making this unqualified statement, we think the employer, and not the workman, who had no knowledge of the fact, took the risk that the engine had not been tampered with during the length of time it had been standing in the public street.  The servant relied upon this assurance, and therefore refrained from making an examination.    Having thus rested upon his employer's statement, which under these circumstances he had a right to do, he was entitled to recover if he was injured through a hidden defect.  *Hedin v. Northwestern Knitting Co.*, 149 N. W. (Minn.) 541, and cases cited.

REESE, C. J., and ROSE, J., concur in this dissent.